UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
In re:                              *
                                    *
      BELINDA MURCHISON,            *         Chapter 13
                                    *         Case No. 10-21202
            Debtor                  *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## DEBTOR'S FIRST MODIFIED CHAPTER 13 PLAN

The Debtor proposes the following plan. The Debtor submits the following income and/or property to the Trustee as is necessary for the execution of the plan.

1. **Plan Payments**.

   a. Commencing on or about __January 3, 2010__, the Debtor will make plan payments of $ _950.00_ per month for 60 months. This is a 60-month plan.
   b. The applicable commitment period is _60_ months.
   c. In addition, the Debtor will pay the following: _N/A_ .
   d. The total amount to be paid by the Debtor to the Trustee is $ _57,000.00_.
   e. The Debtor will contribute all tax refunds (combined federal and state) in excess of $1,200.00 per year.

2. **Administrative Claims.** Administrative expenses and claims, as allowed, shall be paid in full from the funds paid by the Debtors to the Trustee as follows:

   a. Trustee's fee, not to exceed 10% . . . . . . . . . . . . . . . . . . . . . . .  _5,700.00_
   b. Attorney's fee to be paid through the plan (if any)  Total . . . _____
            Monthly payment . . . . . . . _____
   c. Administrative reserve (if any) . . . . . . . . . . . . . . . . . . . . . . .  _3,000.00_
   d. Other (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ._____

3. **Secured Claims**. Claims secured by property of the estate shall be paid as follows:

   a. Pre-confirmation Adequate Protection Payments. No later than 30 days from the date of filing, the Debtors shall make pre-confirmation adequate protection payments to the Trustee for the benefit of the following creditors. The Trustee shall disburse pre-confirmation adequate protection payments upon confirmation, or as otherwise provided by rule. A proof of claim must be filed for payment to issue to any creditor. Pending confirmation, creditor(s) shall have an

administrative lien on such payments, which shall be honored, subject to Trustee's fees, in the even of dismissal prior to confirmation.

| Creditor | Collateral | Details |
|---|---|---|
| TD Bank | 2009 Hyundai Elantra | No less than $350.01 per month |

   b. <u>Secured Claims Not in Arrears</u>.  The following secured claims not in arrears shall be paid by the Debtors directly, pursuant to the existing contract(s) between the Debtors and the creditor(s).  The lien securing each claim shall not be impaired and the underlying claim shall not be discharged until final payment is made pursuant to the existing contract(s).

| Creditor | Collateral | Periodic Payment and Amount | Next Payment Due Date |
|---|---|---|---|
| None | | | |

   c. <u>Secured Claims in Arrears</u>.   Current periodic payments on secured claims in arrears (which arrearage is to be cured in ¶ (d), below) shall be made **directly by the Debtor** during the term of the plan.

| Creditor | Collateral | Periodic Payment and Amount | Next Payment Due Date |
|---|---|---|---|
| None | | | |

   d. <u>Arrearages on Secured Claims</u>.  Arrearages on secured claims to cure defaults shall be paid from the funds paid by the Debtors to the Trustee as follows.  A proof of claim must be filed for payment to issue.

| Creditor | Collateral | Principal | Interest Rate | Monthly Payment | First/Last Payment (Anticipated) |
|---|---|---|---|---|---|
| None | | | | | |

   e.  <u>910 Claims</u>.  Claims as to which § 506 valuation is <u>not</u> applicable consist of claims secured by a purchase money security interest in a vehicle acquired for the personal use of the Debtors for which the debt was incurred within 910 days prior to the bankruptcy filing or, if the collateral is any other thing of value, the debt was incurred within one year prior to the filing.  The claim amount plus allowed interest shall be paid as follows from the funds paid by the Debtors to the Trustee.  A proof of claim must be filed for payment to issue.

| Creditor | Collateral | Principal | Interest Rate | Monthly Payment | First/Last Payment (Anticipated) |
|---|---|---|---|---|---|
| TD Bank | 2009 Hyundai Elantra | $19,294.00 | 6.75 | No less than $350.01 | 1/3/2011 |

f. <u>Non-910 Claims</u>. Claims as to which § 506 valuation is applicable consist of secured claims other than as described in ¶¶ (as) through (e) above. The following secured claims shall be paid in full or to the extent of value. A proof of claim must be filed for payment to issue. Confirmation of the plan is a judicial determination of value as set forth below. Any undersecured portion of the claim shall be treated as a general unsecured claim.

| Creditor | Collateral | Principal | Interest Rate | Monthly Payment | First/Last Payment (Anticipated) |
|---|---|---|---|---|---|
| None | | | | | |

g. <u>Collateral to Be Surrendered</u>. The Debtors will surrender the following collateral within 30 days unless otherwise set forth. Any claim filed by a secured creditor with respect to such collateral will be treated as fully secured. The Debtors consent to relief from stay with respect to such collateral. The Debtors' consent does not affect the interest of the Trustee or any co-debtor.

| Creditor | Collateral | Collateral Will Be Surrendered On or Before |
|---|---|---|
| Citi Mortgage | 7741 N. Sherman Drive, Indianapolis, Indiana | Immediately |
| Regions Bank | 7741 N. Sherman Drive, Indianapolis, Indiana | Immediately |

h. <u>Other Secured Claims</u>. The following secured claims shall be paid by the Debtors directly pursuant to the existing contract(s) between the Debtors and the creditor as follows. The lien securing each claim shall be unimpaired.

| Creditor | Collateral | Periodic Payment and Amount | Next Payment Due Date |
|---|---|---|---|
| None | | | |

4. **Executory Contracts and Leases**.

   a. Assumption and Rejection. Any executory contract or lease not assumed is rejected by confirmation of the plan. The following executory contracts and leases are assumed and will be paid directly by the Debtors according to the terms of the agreement between the Debtors and the creditor.

   | Creditor/Lessor | Description |
   |---|---|
   | None | |

   b. Cure of Defaults. Monetary defaults on any executory contract or lease assumed by the Debtors will be cured by the Trustee from funds submitted by the Debtors as follows. Payment will be made coincident with payment to secured creditors.

   | Creditor/Lessor | Property Leased | Total Amount of Default | Monthly Payment |
   |---|---|---|---|
   | None | | | |

5. **Priority Claims**. Claims entitled to priority under 11 U.S.C. § 507(a) shall be paid from the funds paid by the Debtors to the Trustee as follows. A proof of claim must be filed for payment to issue.

   a. Domestic Support Obligations.

   [X] The Debtors have no domestic support obligations;
   or
   [ ] The Debtors shall pay all post-petition domestic support obligations directly to the holder of each claim.

   i. Unless otherwise provided, the following pre-petition domestic support obligations shall be paid in full after secured claims are paid.

   | Creditor | Description of Claim | Amount of Claim |
   |---|---|---|
   | None | | |

   b. Other Priority Claims. Other priority claims shall be paid in full as follows:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

      6. **Interim Distribution**. Interim distribution may be made pursuant to court order to provide adequate protection and/or payment to undisputed and timely filed priority and secured claims.

      7. **Chapter 7 Liquidation Test (11 U.S.C. §1325(a)(4))**. If the Debtors' estate were liquidated under Chapter 7 rather than reorganized under Chapter 13, the trustee would be entitled to sell, collect or recoup certain assets for the benefit of creditors. The liquidation amount would be available for distribution to unsecured creditors, net of valid secured claims and exemptions, is $___0___. The Debtors certify that at least this cash amount will be paid to the Trustee for the benefit of unsecured creditors in this case.

      8. **General Unsecured Claims**. Unsecured (and undersecured) creditors' claims are listed on the Debtors' schedules in the approximate amount of $___77,067.00___. From the funds submitted by the Debtors, the Trustee will pay a pro rata share of approximately $___27,000.00___ after all other claims have been paid. A creditor must file a proof of claim by the bar date to be entitled to payment. The Court will issue an order after the bar date determining the actual dividend to be paid on unsecured claims.

      9. **Special Provisions**. The following other special provisions of the plan appear on the attached schedules as indicated.

[ ] No other special provisions
[ ] Schedule I - Co-debtor matters (11 U.S.C. § 1301; 11 U.S.C. 1322(b)(1))
[ ] Schedule II - Lien avoidance (11 U.S.C. § 522) –
[ ] Schedule III - Sale of property (11 U.S.C. § 363)
[ ] Schedule IV – Injunctive relief (11 U.S.C. § 2002(c)(3); Fed.R.Bankr.P. 7001(7))
[ ] Schedule V – Other

      10 **Property of the Estate**. Property of the estate not paid over to the Trustee shall remain in the possession of the Debtors. All property of the estate, whether in the possession of the Debtors or the Trustee, remains property of the estate subject to the Court's jurisdiction notwithstanding 11 U.S.C. § 1327(b).

Dated: February 8, 2011  									_____
											Belinda Murchison

| RECONCILIATION BALANCE SHEET<br>(Total payments and total distributions should be the same) | |
|---|---:|
| **A. Total payments from Debtor to Trustee** | 57,000.00 |
| **B. Distributions to be made by Trustee in accordance with plan** | |
| 1. Trustee's fees | 5,700.00 |
| 2. Debtors' attorney's fees - $_____ per month for _____ months | |
| 3. Administrative reserve | 3,000.00 |
| 4. Secured claims:<br>   a. Payment to TD Bank | 19,294.00<br>(plus approx. 1,900.00 interest) |
|    b. Payment to | |
| 5. Priority Claims | .00 |
| 6. General unsecured claims | 27,000.00 |
| Total | 56,894.00 |